## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:19-cv-00889

LOUISE BURKE and NICOLE
WILLEY, on behalf of themselves and
on behalf of all others similarly
situated,

                     Plaintiffs,

v.

GARY'S KINGS'S CHEF DINER
LLC; GARY'S KING'S CHEF
DINER 2 LLC; KING'S CHEF
DINER #3 LLC; and GARY A.
GEISER.

                    Defendants.

---

### COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiffs Louise Burke and Nicole Willey ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge to themselves, and upon information and belief as to other matters, by their attorneys at Lowrey Parady, LLC and Getman Sweeney & Dunn, PLLC, allege as follows:

### PRELIMINARY STATEMENT

1.      This case arises out of Defendants' failure to pay minimum and overtime wages to Plaintiffs Louise Burke and Nicole Willey and other similarly situated employees. Defendants operate three restaurants known as the King's Chef Diners. They employ people at the restaurants and pay them less than the minimum wage required by federal and state law. Although Defendants purport to be taking a tip credit against the minimum wage, they do not allow the employees to keep all the tips customers leave for them. Instead, the Defendants use

1

the tip money Plaintiffs receive to pay non-tipped employees such as kitchen staff, allow management to take part of the tips, and further use the tip money to make up for shortages in the cash register. Federal and state laws prohibit Defendants from taking a tip credit against the minimum wage in such circumstances.

2.      In addition to the minimum wage violations, the Defendants violated federal and state overtime laws by failing to pay overtime wages when employees worked more than 40 hours in a week in more than one location. Rather than aggregating the hours between the three locations and paying overtime when the combined hours exceed 40 as federal and state laws require, Defendants paid for the work in each location separately and did not pay overtime unless the hours in one location exceeded 40.

3.      Burke and Willey bring collective action claims for minimum and overtime wages required by the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. They bring these claims on behalf of themselves and other similarly situated employees ("FLSA Collective Members") for payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. § 216(b).

4.      Burke and Willey also bring class action claims under Colorado's Minimum Wage Law, Colo. Rev. Stat. Ann. § 8-6-101 *et seq*., and its implementing regulations for failure to pay minimum and overtime wages and under Colorado's Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-101, *et seq*., and its implementing regulations for failure to pay wages when due and for making illegal deductions from Class Members' wages. They bring these claims on behalf of themselves and other similarly situated employees pursuant to Fed. R. Civ. P. 23(b)(3) (Colorado Class Members) for payment of unpaid wages, attorney fees, interest, and costs.

## JURISDICTION

5.    The Court has federal question jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b).

6.    The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

7.    This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).  Burke and Willey reside in and Defendants operate their restaurants in Colorado Springs, CO and Fountain, CO, a substantial part of the events and omissions giving rise to the claims occurred in this District, and Defendants regularly conducted a substantial amount of their business within this District.

## PARTIES

9.    Plaintiff Burke is a natural person who currently resides in Colorado Springs, CO. Burke began working for Defendants as a server for Defendants in Colorado Springs in or about September 2017 and ended her employment in or about January 2019.

10.    Plaintiff Willey is a natural person who currently resides in Colorado Springs, CO. Willey began working for Defendants as a server in Colorado Springs in or about March 2016 and continues to work for them in that capacity in Colorado Springs and Fountain.

11.    During the period that Burke and Willey worked for the Defendants, the Defendants employed them and the FLSA Collective Members within the meaning of 29 U.S.C. §§ 203(d) and 203(g) to serve customers at Defendants' restaurants. Defendants

employed Burke and Willey and the FLSA Collective Members in interstate commerce and in an enterprise engaged in the production of goods for interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.     Defendants paid Burke an hourly wage less than the full minimum wage established by federal law.

13.     Defendants paid Willey an hourly wage less than the full minimum wage established by federal law.

14.     Defendants paid Burke an hourly wage less than the full minimum wage established by Colorado law.

15.     Defendants paid Willey an hourly wage less than the full minimum wage established by Colorado law.

16.     Willey worked more than 40 hours in some weeks between the Defendants various restaurants but was not paid overtime wages for all her the overtime hours.

17.     Burke's consent to sue is attached as Exhibit A.

18.     Willey's consent to sue is attached as Exhibit B.

19.     Upon information and belief, Defendant Gary's Kings's Chef Diner LLC is a privately held, for-profit corporation organized under the laws of the State of Colorado. Its principal business purpose is the operation of a restaurant known as King's Chef Diner located at 110 East Costilla Street, Colorado Springs, CO 80903 ("King's Chef Diner Purple Castle"). Its principal place of business is the same location and it may be served through its corporate agent, Gary A. Geiser at that same address.

20.     Defendant Gary's King's Chef Diner 2 LLC is a privately held, for-profit corporation organized under the laws of the State of Colorado. Its principal business purpose

is the operation of a restaurant known as King's Chef Diner located at 131 East Bijou Street, Colorado Springs, CO 80903 ("King's Chef Diner Bijou"). Its principal place of business is the same location and it may be served through its corporate agent, Gary A. Geiser at that same address.

21.     Defendant King's Chef Diner #3 LLC is a privately held, for-profit corporation organized under the laws of the State of Colorado. Its principal business purpose is the operation of a restaurant known as King's Chef Diner located at 6436 South Highway 85/87, Fountain, CO 80817 ("King's Chef Diner Fountain"). Its principal office street address is 2250 Bott Avenue, Colorado Springs, CO 80904 and it may be served through its corporate agent, Gary A. Geiser at the same address.

22.     Defendant Gary A. Geiser is an owner of the King's Chef Diner Purple Castle, Bijou, and Fountain restaurants (collectively the "King's Chef Diners"). As the owner, Geiser acted and continues to act directly and indirectly in the King's Chef Diners' interest in relation to its employees, including the Plaintiffs, and is thus an employer of the employees within the meaning of 29 U.S.C. § 203(d).

23.     Upon information and belief, there are more than 40 Colorado Class Members. The precise number and the identity of the Colorado Class Members should be ascertainable from the business records, tax records and/or employee or personnel records of Defendants and their related and affiliated entities.

## FLSA COLLECTIVE ACTION DEFINITION

24.     The class of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> all current and/or former employees of the Defendants who were or are employed at the King's Chef Diners located at 110 East Costilla Street or 131

East Bijou Street in Colorado Springs, CO, or 6436 South Highway 85/87 in Fountain, CO and were paid a tip-credit minimum wage and/or who worked more than 40 hours a week and were not paid overtime wages since the date which falls within the three chronological years immediately preceding the date on which this action was filed to the date final judgment in this action is entered.

## RULE 23 COLORADO CLASS DEFINITION

25.     The class of similarly situated employees sought to be certified as a class under Fed. R. Civ. P. 23 is defined as:

all current and/or former employees of the Defendants who were or are employed at the King's Chef Diners located at 110 East Costilla Street or 131 East Bijou Street in Colorado Springs, CO, or 6436 South Highway 85/87 in Fountain, CO and were paid a tip-credit minimum wage since the date which falls within the three chronological years immediately preceding the date on which this action was filed to the date final judgment in this action is entered.

## COVERAGE UNDER THE FLSA

26.     At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

27.     At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

28.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales

made or business done of not less than $500,000 (exclusive of excise taxes at the retail level
which are separately stated).

29.    At all times hereinafter mentioned, Plaintiffs and the FLSA Collective and
Colorado Class Members were individual employees engaged in commerce or in the
production of goods for commerce as required by 29 U.S.C. §207.

## FACTS

30.    Defendants employed Burke and Willey, the Named Plaintiffs, as servers in
the King's Chef Diners in Colorado Springs. Burke worked as a server at the King's Chef
Diner Bijou.  Willey worked as a server at all three King's Chef Diners.

31.    Defendants paid the Named Plaintiffs and the FLSA Collective and Colorado
Class Members a tip-credit minimum wage that was less than the full minimum wage required
by federal law and less than the full minimum wage required by Colorado law.

32.    Although the Named Plaintiffs and FLSA Collective and Colorado Class
Members received tips for their work at the King's Chef Diners, Defendants did not allow
them to keep the tips they received. Instead, Defendants required servers to relinquish any tips
they received and then management distributed the tips among all the employees working at
the time, including employees who do not customarily and regularly receive tips.
Defendants' applied this tip pooling policy at all three of the King's Chef Diners.

33.    Defendants also allowed managers and supervisors to keep portions of the
tip pool. They applied this wage deduction policy at all three of the King's Chef Diners.

34.    Defendants also took servers' tips from the tip pool to make up for shortages
in the cash registers. They applied this wage deduction policy at all three of the King's
Chef Diners.

35.     Defendants did not post in a conspicuous place in the King's Chef Diners a printed card, at least twelve inches by fifteen inches in size, containing a notice to the general public in letters at least one-half inch high that all presents, tips, or gratuities given by any patron of said business to an employee thereof are not the property of said employee but belong to the employer.

36.     When Willey worked in more than one King's Chef Diner locations in the same week, Defendants did not aggregate the hours she worked at three locations for pay purposes. The result was that Defendants did not pay Willey overtime wages when her work hours exceeded 40 between the three locations. Upon information and belief, Defendants applied this pay policy across the company.

37.     The Named Plaintiffs are aware of other current and former employees of Defendants who were subject to these same payroll practices.

38.     Upon information and belief, Defendants applied these payroll policies and practices company-wide.

### FLSA ALLEGATIONS

39.     The Fair Labor Standards Act ("FLSA") requires employers to pay employees a minimum wage of at least $7.25 an hour. 29 U.S.C. §203. Employers are permitted to take a tip credit of up to $5.12 against the minimum wage for tipped employees only where the employers meet strict prerequisites. 203(m)(2)(A).

40.     The Defendants have violated and are violating the FLSA by paying a tip-credit minimum wage while taking the Named Plaintiffs' and FLSA Collective Members' tips and distributing a portion of them among employees who do not customarily and regularly receive tips. 29 U.S.C.  § 203(m)(2)(A).

41.     The FLSA also prohibits an employer from keeping tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips. 29 U.S.C. § 203(m)(2)(B).

42.     The Defendants have violated and are violating the FLSA by allowing managers and supervisors to keep a portion of tips received by employees, and by taking tips received by employees to make up for shortages in the cash register. 29 U.S.C. § 203(m)(2)(B).

43.     The FLSA also requires employers to pay time and one-half employees' regular rate of pay for any work in excess of 40 hours per workweek. 29 U.S.C. 207.

44.     The Defendants have violated and are violating the FLSA by not paying overtime wages when employees work more than 40 hours a week in total in the King's Chef Diners. 29 U.S.C. §207.

45.     Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay the Named Plaintiffs and the FLSA Collective Members the minimum wages and overtime required by the FLSA.

## COLORADO MINIMUM WAGE LAW ALLEGATIONS

46.     Colorado's Minimum Wage Law, Colo. Rev. Stat. Ann. § 8-6-101 *et seq*., and its implementing regulations requires employers to pay employees a minimum wage of at least $11.10 an hour as of January 1, 2019 ($10.20 an hour in 2018, $9.30 an hour in 2017, and $8.31 an hour in 2016). Employers are permitted to take a tip credit of up to $3.02 per hour against the minimum wage for tipped employees only where the employers meet strict prerequisites. 7 Colo. Code Regs. § 1103-1 ("Colorado Minimum Wage Order Number 35").

47.    The Defendants have violated and are violating the Colorado Minimum Wage Law by taking a tip credit while requiring the Named Plaintiffs and Colorado Class Members to share their tips with employees who do not customarily and regularly receive tips. 7 Colo. Code Regs. § 1103-1:2.

48.    The Colorado Minimum Wage Law also requires employers to pay time and one-half employees' regular rate of pay for any work in excess of 40 hours per workweek, 12 hours per workday, or 12 consecutive hours without regard to the starting and ending time of the workday. 7 Colo. Code Regs. § 1103-1:4.

49.    Defendants have violated and are violating the Colorado Minimum Wage Law by not paying overtime wages when employees work more than 40 hours a week in total at the various Kings Chef Diners locations.

50.    Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay the Named Plaintiffs and the Colorado Class Members the minimum wages and overtime required by the Colorado Minimum Wage Law.

## COLORADO WAGE CLAIM ACT ALLEGATIONS

51.    The Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-101 *et seq.,* ("CWCA") prohibits employers from taking ownership or control of tips received by an employee unless the employer posts in his or her place of business in a conspicuous place a printed card, at least twelve inches by fifteen inches in size, containing a notice to the general public in letters at least one-half inch high that all presents, tips, or gratuities given by any patron of said business to an employee thereof are not the property of said employee but belong to the employer. Colo. Rev. Stat. Ann. § 8-4-103(6).

52.     Defendants have violated and are violating the CWCA by taking the tips given by patrons to the Named Plaintiffs and Colorado Class Members without posting the required notice informing those patrons notice that Defendants will take the tips that the patrons gave to the Named Plaintiffs and Colorado Class Members.

53.     The CWCA also prohibits employers from making deductions from employees' compensation.  Colo. Rev. Stat. Ann. § 8-4-105. While the prohibition includes specific exceptions, taking employee compensation to make up for cash register shortages is not one of them.

54.     Defendants have violated and are violating the CWCA by taking the tips that patrons gave to the Named Plaintiffs and Colorado Class Members and deducting amounts from those tips to make up for shortages in the cash registers.

55.     The CWCA also requires employers to pay employees their full wages on a regular payday. Colo. Rev. Stat. Ann. § 8-4-103(1)(a).

56.     Defendants have violated and are violating the CWCA by failing to pay the Named Plaintiffs and the Colorado Class Members their full wages on their regular payday. Defendants failed to pay full wages by (1) taking a tip credit from the minimum wage despite taking tips for distribution to employees who do not customarily and regularly receive tips; (2) allowing management to take tips that patrons gave to the Named Plaintiffs and Colorado Class Members without posting the required notice; (3) deducting amounts from the Named Plaintiffs and Colorado Class Members compensation to make up for shortages in the cash registers; and (4) failing to pay overtime wages for work over 40 hours in a week or more than 12 hours in a day or 12 hours of consecutive work.

57. The CWCA also requires that employers pay separated employees all earned, vested and determinable and unpaid wages. Colo. Rev. Stat. Ann. § 8-4-109. If an employer fails to pay a separated employee's unpaid wages within fourteen days after a written demand for payment is sent, the employer shall be liable for penalties under the CWCA. Colo. Rev. Stat. Ann. § 8-4-109(3)(b).

58. Plaintiff Burke on behalf of herself and members of the Colorado Class sent Defendants a demand for payment of wages pursuant to the CWCA on March 8, 2019. Fourteen days have passed since the demand was sent and received by Defendants and Defendants have not paid Plaintiff Burke or other members of the Colorado Class their unpaid wages.

59. Defendants knowingly, willfully, or in reckless disregard of the law, violated the CWCA.

## COLLECTIVE ACTION ALLEGATIONS

60. Defendants policy of taking employees' tips and distributing them among employees who do not customarily and regularly receive tips, allowing managers and supervisors to keep a portion of tips received by employees, and by taking tips received by employees to make up for shortages in the cash register is a generally applicable, systematic policy and practice. The application of the policy is not dependent on the personal circumstances of any individual employee. As a result, the Named Plaintiffs and the FLSA Collective Members were all subject to the same allegedly illegal tip policy and are similarly situated employees.

61. Upon information and belief, Defendants policy of not combining all the hours that an employee works in the various King's Chef Diners locations for purposes of

12

determining overtime wages is also a generally applicable, systematic policy and practice, the application of which is not dependent on the personal circumstances of any individual employee. As a result, the Named Plaintiffs and the FLSA Collective Members were all subject to the same allegedly illegal overtime policy and are similarly situated employees.

## CLASS ALLEGATIONS

62.     The Colorado Class Members identified above are so numerous that joinder of all members is impracticable.

63.     Although the precise number of such persons is not known to Burke and Willey, the Colorado Class Representatives, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

64.     Upon information and belief, the size of the Colorado Class numbers more than 40 persons.

65.     Defendants acted or refused to act on grounds generally applicable to the Colorado Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Class as a whole.

66.     The Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Colorado Class Members that predominate over any questions solely affecting individual Class Members, including but not limited to:

      a.  whether Defendants failed to pay the Colorado Class Members their wages due in each pay period;

      b.  whether Defendants failed and/or refused to pay the Colorado Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

13

    c.   whether Defendants correctly calculated and compensated the Colorado Class

Members for hours worked in excess of 40 per workweek;

    d.   whether Defendants failed to keep true and accurate time records for all hours

worked by the Colorado Class Members; and

    e.   the nature and extent of Colorado Class-wide injury and the appropriate

measure of damages for the Colorado Class Members.

67.    The claims of the Colorado Class Representatives are typical of the claims of the Colorado Class Members they seek to represent. The Colorado Class Representatives and the Colorado Class Members who work or have worked for Defendants have been subjected to their policy and pattern or practice of failing to pay wages due in each pay period. Defendants acted and refused to act on grounds generally applicable to the Colorado Class Members, thereby making declaratory relief with respect to the Colorado Class Members appropriate.

68.    The Colorado Class Representatives will fairly and adequately represent and protect the interests of the Colorado Class Members.

    a.   The Colorado Class Representatives understand that, as class representatives,

they assume a fiduciary responsibility to the Colorado Class Members to

represent their interests fairly and adequately.

    b.   The Colorado Class Representatives recognize that as class representatives,

they must represent and consider the interests of the Colorado just as they

would represent and consider their own interests.

    c.   The Colorado Class Representatives understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Colorado Class Members.

    d.   The Colorado Class Representatives recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Colorado Class Members.

    e.   The Colorado Class Representatives understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

69.   The Colorado Class Representatives have retained counsel competent and experienced in complex class action employment litigation.

70.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Colorado Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FIRST CAUSE OF ACTION
### FLSA Claims for Failure to Pay the Minimum Wage
### (Brought on Behalf of Plaintiffs Burke and Willey and the FLSA Collective Members)

71.     Plaintiffs Burke and Willey and the FLSA Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

72.     Defendants failed to pay the minimum wages to Plaintiffs Burke and Willey and the FLSA Collective Members for all the hours they worked in a week as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and its implementing regulations.

73.     Defendants' failure to pay minimum wages for each hour worked was willful within the meaning of the FLSA.

74.     Defendants' failure to comply with the FLSA minimum wage protections caused Plaintiffs and the FLSA Collective Members to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
### FLSA Claims for Improper Taking of Tips
### (Brought on Behalf of Plaintiffs Burke and Willey and the FLSA Collective Members)

75.     Plaintiffs Burke and Willey and the FLSA Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

76.     Defendants violated the FLSA by keeping, including allowing managers and supervisors to keep, tips received by Plaintiffs Burke and Willey and the FLSA Collective Members. 29 U.S.C. § 203(m)(2)(B).

77.     Defendants' keeping, and allowing managers and supervisors to keep, tips received by Plaintiffs Burke and Willey and the FLSA Collective Members was willful within the meaning of the FLSA.

78.     Defendants' failure to comply with the FLSA tip protections caused Plaintiff s Burke and Willey and the FLSA Class Members to suffer loss of wages and interest thereon.

### THIRD CAUSE OF ACTION
**FLSA Claims for Failure to Pay Overtime Compensation**
**(Brought on Behalf of Plaintiff Willey and the FLSA Collective Members)**

79.     Plaintiff Willey and the FLSA Collective Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

80.     Defendants failed to pay overtime wages to Plaintiff Willey and the FLSA Collective Members for all the hours they worked more than 40 in a week as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and its implementing regulations.

81.     Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

82.     Defendants' failure to comply with the FLSA overtime protections caused Plaintiff Willey and the FLSA Class Members to suffer loss of wages and interest thereon.

### FOURTH CAUSE OF ACTION
**Colorado Minimum Wage Law Claims for Failure to Pay the**
**Minimum Wage**
**(Brought on Behalf of the Plaintiffs Burke and Willey and Colorado**
**Class Members)**

83.     Plaintiffs Burke and Willey re-allege and incorporate by reference all allegations in all preceding paragraphs.

84.     Defendants failed to pay minimum wage earned to the Plaintiffs Burke and Willey and the Colorado Class Members as required by the Colorado Minimum Wage Law. Colo. Rev. Stat. Ann. § 8-6-101 et seq., and its implementing regulations.

85.     Defendants' failure to comply with Colorado Minimum Wage Law was willful.

86.     Defendants' failure to comply with Colorado Minimum Wage Law caused Plaintiffs Burke and Willey and Colorado Class Members to suffer loss of wages and interest thereon.

## FIFTH CAUSE OF ACTION
### Colorado Wage Claim Act Claims for Illegally Taking Tips
### (Brought on Behalf of the Plaintiffs Burke and Willey and Colorado Class Members)

87.     Plaintiffs Burke and Willey re-allege and incorporate by reference all allegations in all preceding paragraphs.

88.     Defendants have violated and are violating the CWCA by taking tips that Named Plaintiffs and Colorado Class Members received. Colo. Rev. Stat. Ann. § 8-4-103 and its implementing regulations.

89.     Defendants' failure to comply with the CWCA was willful.

90.     Defendants' failure to comply with the CWCA caused Plaintiffs Burke and Willey and Colorado Class Members to suffer loss of wages and interest thereon.

## SIXTH CAUSE OF ACTION
### Colorado Wage Claim Act Claims for Illegal Deductions
### (Brought on Behalf of the Plaintiffs Burke and Willey and Colorado Class Members)

91.     Plaintiffs Burke and Willey re-allege and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendants have violated and are violating the CWCA by taking deductions from tips that Named Plaintiffs and Colorado Class Members received for cash register shortages. Colo. Rev. Stat. Ann. § 8-4-105 and its implementing regulations.

93.     Defendants' failure to comply with Colorado Wage Law was willful.

94.     Defendants' failure to comply with Colorado Wage Law caused Plaintiffs Burke and Willey and Colorado Class Members to suffer loss of wages and interest thereon.

## SEVENTH CAUSE OF ACTION
**Colorado Wage Claim Act Claims for Failure to Pay Wages When
Due
(Brought on Behalf of the Plaintiffs Burke and Willey and Colorado
Class Members)**

95.     Plaintiffs Burke and Willey re-allege and incorporate by reference all allegations in all preceding paragraphs.

96.     Defendants have violated and are violating the CWCA by failing to pay all wages and compensation due on the regular payday.  Colo. Rev. Stat. Ann. § 8-4-103 and its implementing regulations.

97.     Defendants' failure to comply with the CWCA was willful.

98.     Defendants' failure to comply with the CWCA caused Plaintiffs Burke and Willey and Colorado Class Members to suffer loss of wages and interest thereon.

## EIGHTH CAUSE OF ACTION
**Colorado Wage Claim Act Claims for Failure to Pay Wages When
Due at Separation
(Brought on Behalf of the Plaintiff Burke and Colorado Class
Members)**

99.     Plaintiff Burke re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Defendants have violated and are violating the CWCA by failing to pay all unpaid wages and compensation due at the time of separation from employment.  Colo. Rev. Stat. Ann. § 8-4-109 and its implementing regulations.

101.    Defendants' failure to comply with the CWCA was willful.

102.    Defendants' failure to comply with the CWCA caused Plaintiff Burke and Colorado Class Members to suffer loss of wages and interest thereon.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs Burke and Willey, on behalf of themselves and the FLSA

Collective and Colorado Class Members, pray for relief as follows:

      A.     A jury trial on all issues so triable;

      B.     For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the FLSA statute of limitations;

      C.     For an Order finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs under the FLSA;

      D.     For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action as provided under the FLSA;

      E.     For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees as provided under the FLSA;

      F.     For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      G.     With respect to the Colorado Class:

      i.     Certifying this action as a class action;

      ii.     Designating Plaintiffs Burke and Willey as the Class Representatives;

      iii.     Declaring that the practices complained of herein are unlawful under Colorado laws;

      iv.     Appointing the undersigned as class counsel;

      v.     Ordering appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

     vi.     Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

     vii.     Awarding pre-judgment and post-judgment interest, as provided by law;

     viii.     Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

     ix.     Awarding Plaintiffs their attorneys' fees and costs of suit, including expert fees and costs.

     H.     For an Order granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:    March 25, 2019

Respectfully Submitted,

/s/ Mary Jo Lowrey
Mary Jo Lowrey
Lowrey Parady LLC
1725 High Street, Suite 1
Denver, CO 80218
Tel: 303.593.2595
Fax: 303.502.9119
MaryJo@lowrey-parady.com

Plaintiffs' Addresses:

Louise Burke, 2815 King Street, Unit D, Colorado Springs, CO 80904

Nicole Willey, 3580 Dogwood Drive, Colorado Springs, CO 80910